ALBERT PATTEN *vs.* DANIEL KIMBALL, JUNIOR, and others.

Somerset. Opinion May 29, 1882.

*Poor debtor's bond. R. S., 1857, c. 113, § 45. Attorney at law. Waiver.*

A bond taken under and by force of R. S., 1857, c. 113, though not technically a statute bond, would be subject to the limitation provided in § 45, and an action thereon must be brought within one year.

It is competent for an attorney of record, upon whom the citation for a poor debtor's disclosure may be served, to waive any illegality in the service.

ON REPORT on agreed statement.

Action on poor debtor's bond. Plea, general issue with brief statement setting up the statute of limitations and performance of one of the alternative conditions of the bond by disclosing and taking the poor debtor's oath.

The bond was in common form, but the sureties were not approved in writing by the creditor, nor by two or three justices of the peace and quorum of the county where the debtor was arrested or imprisoned.

March 5, 1870, the principal in the bond, made application to a magistrate who issued the citation, provided by the poor debtor law, to the creditor which was served upon the attorney of record of the creditor, who wrote and signed the following upon the back of the citation:

"I hereby acknowledge service by copy of the within paper, waiving any and all illegality of service.

March 12, 1870. Hiram Knowlton."

*S. H. Willard*, for the plaintiff.

The bond is not a statute bond because it was not approved by the creditor in writing, or by two justices of the peace and quorum. It must be, then, a common law bond, and an action may be maintained on it at any time within twenty years.

The pretended disclosure was not a performance because there was no sufficient service of the citation.

*Bean and Beane,* for the defendants, cited: *Lewis* v. *Brewer,* 51 Maine, 108; *Bank* v. *Ford,* 49 Maine, 99; *Ross* v. *Berry,* 49 Maine, 434; *Bell* v. *Furbush,* 56 Maine, 178; *Smith* v. *Brown,* 61 Maine, 70.

DANFORTH, J. Though the bond in this case is not technically a statute bond, it was taken under and by force of R. S., 1857, c. 113. There was no other authority by which it could have been taken. Therefore the limit provided in § 45, of that chapter, must be held applicable and the action not having been commenced within the year cannot be maintained.

It also appears that the first alternative condition of the bond was performed. The only objection made upon this branch of the case is a want of sufficient service of the citation. By the statute of 1860, c. 142, in force when the bond was given, and when the citation was served, a service upon the attorney of record was sufficient. As the bond makes no provision as to service, this statute must govern. *Smith* v. *Brown,* 61 Maine, 70. If it was sufficient to serve it upon the attorney of record, it was competent for him to waive any illegality in the service. *Lord* v. *Skinner,* 9 Allen, 376. The case finds that Mr. Knowlton was the attorney of record and the proof of his waiver is conclusive. It is in writing and his signature is not denied.

*Judgment for defendants.*

APPLETON, C. J., WALTON, BARROWS and PETERS, JJ., concurred.